No. 281
NORTHWEST BOULEVARD CO. v.
CAIN et al
No. 18471. Ohio Supreme Court
On motion to certify record
Docketed March 26, 1923, 2 Abs. 244
Error to Franklin County Appeals

**755. MECHANICS' LIENS—effect of absence of title to lot in contractee—Priority as to purchase money lien.**

For case on rehearing in Court of Appeals, see post page 329.

Prior to July 29, 1921, the Boulevard Co. owned a vilage lot in Grandview, Franklin County, and on that date the company deeded it to Harry Lane, and contemporaneously received a mortgage upon it for $1,100 for the purchase price. The deed was filed for record August 1, and the mortgage August 26, 1921. Lane executed a mortgage to the Building and Loan Co., which was filed August 3, 1921, and before he had any title to the lot he began to build a house thereon, the work having been commenced between July 15 and 28. 1921. He became financially involved and abandoned the project. February 23, 1922, and following that date several affidavits for mechanics' liens were filed for work and material furnished at various times after the work began.

It is not claimed that the Boulevard Co. had anything to do with the construction of the house, nor that Lane had any interest in the land prior to the date of the deed. One of the lien holders, Cain, brought action to foreclose his mechanics' lien, making the other lien holders parties. The premises were sold and the proceeds came into the hands of the

sheriff for distribution. The court found that the Columbian Building and Loan Company had first mortgage. The court found the Boulevard Co.'s mortgage to be valid, but gave to the mechanics' priority over that, as its mortgage was not filed until after the commencement of the work by Lane and furnishing materials by the lien holders. It also found the lien of Cain and another invalid. Thereupon Cain brought error in the Court of Appeals. The questions involved in the case are:

When a person commences to build before he has any right, title or interest in the real estate, may a valid lien be obtained, under 8310 GC. May lien claimants acquire any right under 8310 and 9321 GC. if the contractee has no title to the real estate at the time the construction is commenced. When the facts are within the purview of them, 8317 to 8321 GC. are applicable, except to the building.

Where a party to an action is awarded his claim in full, under a judgment, and is not thereby prejudiced in his substantial rights, is he under the necessity of taking an exception to the judgment in order to be entitled to a consideration of his rights in case the judgment be so modified by the Court of Appeals as to become prejudicial.

It is also contended that if the court should be of the opinion that the liens took effect at the time the work commenced, even though Lane had no title. that they can effect only such interest as he subsequently actually acquired. That the word interest means actual, not apparent or constructive interest. That Lane never received an interest to which liens could attach as against the rights of the vendor of the realty, who had, to begin with, a lien for this purchase money, and this was not lost by receiving back a mortgage to secure it. 45 OS. 198; 56 OS. 273; 39 OS. 361; 3 OA. 56.

Attorneys—E. D. Howard, Columbus, for plaintic Boulevard Co.; Vorys, Sater, Seymour & Pease, and Hamilton & Kennedy and Knepper & Wilcox, P. E. Dempsey and R. M. Lucas, Columbus, for defendants.